# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNIQUE UNIVERSITY OF CHICAGO, )<br><br>Plaintiff, )<br><br>v. )<br><br>POLICE BENEVOLENT & PROTECTIVE )<br>ASSOCIATION OF ILLINOIS, LOCAL 185, )<br><br>Defendant. ) | Civil Action No. 1:25-cv-11050 |

UNIVERSITY OF CHICAGO,  )
            )
  Plaintiff,    )
            )
  v.       )   Civil Action No. 1:25-cv-11050
            )
POLICE BENEVOLENT & PROTECTIVE  )
ASSOCIATION OF ILLINOIS, LOCAL 185, )
            )
  Defendant.   )
            )

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff, UNIVERSITY OF CHICAGO ("University"), for its Complaint against the POLICE BENEVOLENT & PROTECTIVE ASSOCIATION OF ILLINOIS, LOCAL 185 ("Union"), states as follows:

## NATURE OF ACTION

1. The University brings this action to vacate, set aside, and declare null and void the labor arbitration award rendered on or about June 16, 2025, by Arbitrator Jules Crystal (the "Award"), a true and correct copy of which is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) and (c), because the Union's duly authorized officers or agents are engaged in representing or acting for employee members in this District. Further, the arbitration hearings held before Arbitrator Crystal, which preceded the disputed Award, occurred in the District.

**PLAINTIFF**

4. The University is a private institution of higher learning located in the Hyde Park neighborhood of Chicago.

5. The University is engaged in commerce and its activities affect commerce within the meaning of Section 2(6) and (7) of the LMRA. *See* 29 U.S.C. §§ 152(6)-(7).

**DEFENDANT**

6. The Union is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

**FACTS**

7. Pursuant to the authority granted by the Illinois Private College Campus Police Act, 110 ILCS 1020/1 *et seq.*, the University operates a police department at its Hyde Park campus.

8. Pursuant to the Illinois Private College Campus Police Act, the University's sworn police officers have the same law enforcement authority as any other publicly-employed Illinois police officer, including the power to make arrests for violations of state laws and municipal/county ordinances.

9. The Union is the exclusive bargaining representative of patrol officers employed by the University's police department.

10. The University and the Union are parties to a collective bargaining agreement ("the Agreement"), the effective dates of which are May 1, 2023 through April 30, 2027. A true and correct copy of the Agreement is attached hereto as Exhibit B.

11. The Agreement contains provisions for resolving grievances arising between the University and employees represented by the Union, *i.e.*, "written claim[s] by an Officer, a group of Officers, or by the Union against the University alleging a misapplication of a

specific provision / specific provisions of this Agreement during the term of the Agreement" (Exhibit B, Section 12.1).

12. The Agreement provides for the arbitration of grievances if they are not resolved at Step 2 of the parties' contractual grievance process (Exhibit B, Section 12.3(C)).

13. Section 12.3(C)(3) of the Agreement states that arbitrators "may consider and decide only the particular grievance presented and their decision shall be based only on an application or interpretation of the provisions of this Agreement. The arbitrator will have no authority to alter, modify, amend, add to or subtract from the provisions of this Agreement" (Exhibit B, Section 12(C)(3)).

14. Section 4.1 of the Agreement states in part that "this Agreement does not affect and shall not be deemed or construed to impair or limit in any way the Employer's right in its sole discretion and judgment . . . to suspend, discipline and discharge for cause" (Exhibit B, Section 4.1).

15. Mustafa Jallow (the "Grievant") was hired as a University patrol officer in June 2021.

16. The University terminated the Grievant's employment on or about April 11, 2024.

17. The Grievant's termination letter stated that he was terminated "due to an internal investigation that alleged excessive use of force towards a university visitor on November 22, 2022. The investigation determined that you failed to comply with the department's use of force policy, were untruthful regarding your use of force, and that you were in violation of" six separate police department policies. A true and accurate copy of the termination letter is attached hereto as Exhibit C.

18. On or about April 12, 2024, the Union filed a grievance alleging that the Grievant was terminated on April 11, 2024 without "just cause" in violation of Section 4.1 of the

19. Agreement. A true and accurate copy of the aforementioned grievance is attached hereto as Exhibit D.

19. After the Union elevated the grievance to the arbitration stage of the parties' negotiated grievance-arbitration process, the parties selected Arbitrator Jules Crystal from a panel of arbitrators supplied by the U.S. Federal Mediation and Conciliation Service.

20. After a two-day arbitration hearing, which was held on December 9 and 30, 2024, the Arbitrator issued his Award on June 16, 2025 (Exhibit A).

21. The Arbitrator concluded that the Grievant had "violated policy by failing to obtain the official complaint of trespassing prior to removing a visitor" from the University Hospital (Exhibit A at 41).

22. The Arbitrator also concluded that the Grievant "underreported the scope of the incident by failing to provide the details of the visitor's resistance and resulting fall by both parties" (Exhibit A at 44).

23. The Arbitrator further concluded that "[s]ome discipline was warranted. . . as the violation was serious despite Grievant's good motives" (Exhibit A at 52).

24. Despite these conclusions, the Arbitrator found "that the Employer did not have just cause for termination of Grievant. . . . Grievant should be reinstated. The time off will be considered a suspension, and [the Grievant] will receive no back pay for the time he was off as a penalty for the violation" (Exhibit A at 53).

**COUNT I – THE ARBITRATION AWARD VIOLATES PUBLIC POLICY**

25. The University realleges and restates Paragraphs 1 through 24 above as if fully stated herein.

26. Arbitration awards are subject to review and may be vacated when they violate public policy.

27. It is a well-established public policy in Illinois that police officers must be truthful, honest, and forthright at all times. They cannot provide false, misleading, or incomplete statements, particularly when performing their sworn duties. If they do, termination is the only appropriate outcome.

28. The Arbitrator's award found that he was not forthcoming in his statements to the University about a use-of-force incident. By extension, the Grievant's credibility as a witness in criminal cases has been detrimentally impacted.

29. Because of the Arbitrator's conclusion on the Grievant's forthrightness, the Grievant's termination was the only appropriate outcome.

30. By extension, reinstating the Grievant violated well-established public policy.

**PRAYER FOR RELIEF**

The University requests that this Court enter judgment vacating, setting aside, and declaring null and void the Award issued by Arbitrator Jules Crystal on June 16, 2025, together which such other and further relief deemed appropriate by the Court.

**UNIVERSITY OF CHICAGO**

By /s/ James J. Powers
One Of Its Attorneys

James J. Powers ARDC 6256540
CLARK BAIRD SMITH LLP
9550 West Higgins Road
Suite 600
Rosemont, Illinois 60018
847-378-7707
jpowers@cbslawyers.com

September 12, 2025

{00903376.DOC v. 3}                                   6